UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOLIDGROUND SOLUTIONS GMBH AND SOLIDGROUND COMMUNICATIONS GMBH,<br><br>    Plaintiffs,<br>  v.<br>JULY SYSTEMS, INC.,<br>    Defendant. | Case No.: C 09-01006 PVT<br><br>**ORDER DENYING PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

**INTRODUCTION**

Plaintiffs Solidground Solutions GmbH and Solidground Communications GmbH apply *ex parte* for a temporary protective order. [*sic*.] (collectively "plaintiffs" or "Solidground"). Defendant July Systems, Inc. opposes the application. ("July Systems"). Pursuant to Civ L.R. 7-1(b), the application was taken under submission without oral argument. Having reviewed the papers and considered the arguments of counsel, plaintiffs' *ex parte* application for a temporary restraining order is denied.[1]

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present *ex parte* application for a temporary restraining order.

ORDER, *page 1*

## BACKGROUND

In or around February 1, 2004, the above-captioned parties entered into a sales representation agreement wherein defendant July Systems appointed plaintiffs to serve as a non-exclusive sales referral representative for certain territories located in Europe, the United Kingdom, Russia, Africa and the Middle East. ("underlying agreement"). In or around May 1, 2007, the parties amended and modified the underlying agreement. ("2007 amendment"). The 2007 amendment set forth, *inter alia,* the following terms: (1) an assignment from Is Capital Gmbh to Solidground Communications Gmbh; (2) a new eight month term from May 1, 2007 through December 31, 2007 and automatic successive renewals in one year periods thereafter (unless terminated by one of the parties on 30 days notice); (3) an acknowledgment by the parties that "except for the outstanding payments outlined in exhibit B, there are no other payments pending pertaining to the Consulting Agreement, prior to its amendment effective May 1, 2007;" and (4) "both parties waive any claim against the other party arising from this Consulting Agreement prior to May 1, 2007."

In or around February 5, 2008, the parties amended and modified the underlying agreement again.[2] ("2008 amendment"). However, plaintiffs allege that the 2008 amendment was never executed. On the other hand, defendant July Systems contends that the 2008 amendment was executed and as a result, the terms in the underlying agreement were terminated. Defendant July Systems further contends that its business relationship with plaintiffs continued thereafter pursuant to the terms of the 2008 amendment.

On March 9, 2009, plaintiffs filed a complaint against July Systems alleging, *inter alia,* breach of contract and have sought damages in excess of $224,797.38. On May 21, 2009, plaintiffs filed this *ex parte* application for a temporary restraining order.

## DISCUSSION

To obtain a temporary restraining order, plaintiffs must establish the following: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to plaintiffs in absence of preliminary relief; (3) the balance of equities tips in plaintiffs favor; and (4) that an injunction is in

---

[2]The amendment to and modification of sales representative agreement is dated February 5, 2007. ("Amendment"). However, annex I to the amendment is dated February 5, 2008.

the public interest. *Winter v. Natural Resources Defense Council, Inc.,* ___U.S. ___, 129 S.Ct. 365, 374 (2008). *See also, Amoco Prod. Co. v. Village of Gambell, Alaska,* 480 U.S. 531, 542, 107 S.Ct. 1396, 1402 (1987). Plaintiffs must show a reasonable probability of success, not an overwhelming likelihood. *Gilder v. PGA Tour, Inc.,* 936 F.2d 417, 422 (9th Cir. 1991).

**I.     Plaintiffs Cannot Establish a Likelihood of Success on the Merits**

As a result of defendant July Systems's breach of the underlying agreement, plaintiffs contend that they are entitled to damages in excess of $224,797.38. However, defendant July Systems asserts that the underlying agreement was later amended and modified on February 5, 2008. Defendant July Systems further asserts that the 2008 amendment terminated the terms of the underlying agreement and the parties waived "any claim against the other [p]arty arising from the [underlying agreement] prior to December 31, 2007." Moreover, defendant July Systems asserts that the parties have since conducted business according to the terms set forth in the 2008 amendment. Specifically, defendant July Systems has made certain payments to plaintiffs pursuant to the terms of the 2008 amendment. Plaintiffs allege that the 2008 amendment was never executed. As such, the parties dispute the operative and controlling agreement at issue here. Therefore, plaintiffs cannot establish a likelihood of success on the merits.

**II.    Plaintiffs Cannot Establish a Likelihood of Irreparable Harm**

Pursuant to 28 U.S.C. §§ 3101, 3103, 3104 and 3105, plaintiffs state that the court may grant a prejudgment remedy if the United States shows that the debtor "is about to leave the jurisdiction of the United States with the effect of hindering, delaying or defrauding the United States in its effort to recover a debt." Plaintiffs contend that the company may be relocating to India. And plaintiffs seek an order which would prevent defendant July Systems from transferring abroad any revenues it receives from any U.S.-based clients.

In support of its application for a temporary restraining order, plaintiffs refer to an email dated March 23, 2009, from the CEO of July Systems, Rajesh T.S. Reddy, which states in pertinent part: "I have been fighting hard to keep July [Systems] afloat. I am not sure you are aware, but July [Systems] has been restructured and recapitalized. We are also in the process of converting the company into an India-based entity." Declaration of Wilhelm Bielert In Support of Plaintiffs' *Ex*

*Parte* Application for a Temporary Protective Order, ¶ 7.  ("Beilert Decl.").

As an initial matter, plaintiffs' statutory citation applies to a civil action filed by the United States on a claim of debt.  The United States is not a party here.  Moreover, the email set forth above was sent more than two months ago.  Defendant July Systems's past efforts to restructure and recapitalize does not establish that the company intends to move to India.  Additionally, plaintiffs have not proffered any further (or more recent) efforts by the company to relocate to India.  Finally, the CFO of July Systems, Gopal Rangachary, states that "July [Systems], a Delaware corporation, is receiving ongoing revenues from its operations in the United States . . . .  Therefore, [it] has no intention of moving out of the United States, or otherwise concealing or transferring its property in the United States as a result of the present litigation." Declaration of Gopal Rangachary In Support of Defendant July Systems, Inc.'s Opposition to Plaintiffs' Application for Temporary Protective Order, ¶ 3.  ("Rangachary Decl.").   In sum, plaintiffs have not shown a likelihood of irreparable harm in the absence of preliminary relief.  *See, e.g., Caribbean Marine Services Co., Inc. v. Baldrige,* 844 F.2d 668, 674 (9th Cir. 1988)("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief."); and *Church v. City of Huntsville,* 30 F.3d 1332, 1337 (11th Cir. 1994)(establishing a risk of irreparable harm in the indefinite future is not enough).  The court need not consider the remaining factors set forth above.

Accordingly, plaintiffs' *ex parte* application for a temporary restraining order is denied.

## CONCLUSION

Based on the foregoing, plaintiffs' *ex parte* application for a temporary restraining order is denied.

IT IS SO ORDERED.

Dated:    May 27, 2009

*[signature: Patricia V. Trumbull]*
_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28